**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JANEL N. SMITH,
      Appellant,

      v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
CH-1221-22-0137-W-1

DATE: April 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard R. Renner, Esquire, Silver Spring, Maryland, for the appellant.

Elaine Fitch, Esquire, Washington, D.C., for the appellant.

Jennifer A. Weger, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a GS-9 Investigative Analyst at the agency's Kansas City Field Division in Fairview Heights, Illinois. Initial Appeal File (IAF), Tab 9 at 4. On January 17, 2022, the appellant filed the instant IRA appeal alleging that the agency failed to provide her training and select her for a new position in retaliation for her protected whistleblowing disclosures and activities, and she requested a hearing on her appeal. IAF, Tab 1 at 2, 5, 8, Tab 9 at 6. With her initial appeal, the appellant provided a copy of a Board appeal rights letter from the Office of Special Counsel (OSC) dated November 19, 2021. IAF, Tab 1 at 8.

The administrative judge issued a jurisdictional order in which she apprised the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordered her to submit evidence and argument establishing Board jurisdiction over her appeal. IAF, Tab 3. The administrative judge also directed the appellant to file a statement detailing the specific elements of her claim. *Id.* In response, the appellant provided a sworn declaration asserting that she made

protected disclosures, engaged in protected activity, and further described the actions she alleged were taken in retaliation for the same. IAF, Tab 9 at 4-8. She also included a copy of her OSC complaint. *Id.* at 9-29, 98-105.

In an initial decision based on the written record, the administrative judge found that the appellant exhausted her claims with OSC but failed to make a nonfrivolous allegation that her protected disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against her. IAF, Tab 14, Initial Decision (ID) at 1, 10. Specifically, she found it undisputed that the appellant made a protected disclosure in 2010 and engaged in protected activity when she filed a Board appeal in 2013 and a petition for review in 2015 relating to her protected disclosure. ID at 5. She also found that the agency subjected her to a personnel action when it failed to select her for an Industry Operations Investigator (IOI) position, but she concluded that the appellant failed to demonstrate that her disclosure or activity was a contributing factor in the agency's decision to not select her for the IOI position. ID at 7-10. Therefore, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. ID at 1, 10.

The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 4. The appellant has filed a reply. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *see Hessami v. Merit Systems Protection*

*Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020). The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).[2] The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1364, 1369. Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the reasons discussed below, we agree with the administrative judge that the appellant has shown that she exhausted her administrative remedies before OSC but failed to nonfrivolously allege that her protected disclosure or protected activity was a contributing factor in her nonselection.

<u>The appellant exhausted her administrative remedies with OSC.</u>

To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into her allegations of whistleblower reprisal. *Chambers*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's initial OSC complaint, evidence the original complaint was amended (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and the appellant's written responses to OSC referencing the amended allegations. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may be proved

---

[2] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

Here, the appellant submitted her OSC complaint in which she stated that the agency engaged in nepotism, did not select her for a position, and denied her training in retaliation for her protected disclosure and activity. IAF, Tab 9 at 10-29. She also submitted her Board appeal rights letter wherein OSC characterized her complaint as alleging that agency officials retaliated against her by failing to provide her training and refusing to promote her. *Id.* at 106. OSC's correspondence also characterized her whistleblowing and protected activity as a report that her supervisor inflated inspection numbers and harassed her as well as her filing "an EEO complaint, an OSC complaint, a[n] MSPB appeal, a federal tort claim, a federal case against the agency, made reports to Congress, and appealed the MSPB's final findings." *Id.* Accordingly, we agree with the administrative judge that the appellant exhausted her administrative remedies before OSC.

The administrative judge correctly concluded that the appellant nonfrivolously alleged that she made one protected disclosure under 5 U.S.C. § 2302(b)(8).

*2010 Disclosure.*

Protected whistleblowing occurs when an appellant makes a disclosure that she reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mason*, 116 M.S.P.R. 135, ¶ 17. The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*

Here, the administrative judge found it undisputed that the appellant made a protected disclosure in 2010 regarding inflated inspection numbers. ID at 5. The parties do not challenge this finding on review, and we discern no basis to disturb it. To the extent that the appellant argues that the administrative judge failed to assess her reasonable belief as to her 2010 disclosure, this was unnecessary as the Board previously found the disclosure at issue to be a protected disclosure within the meaning of the Whistleblower Protection Act. *Smith v. Department of Justice*, MSPB Docket No. CH-1221-13-0304-W-2, Initial Decision at 6 (Oct. 30, 2015).

*Federal Lawsuit for Assault and Harassment.*

The appellant alleges on review that the administrative judge erred in not finding that her Federal lawsuit for assault and harassment was a protected disclosure under 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 14-15. Specifically, she argues that her lawsuit "is a disclosure of a violation of law because 'assault and harassment' are legally prohibited." *Id.* at 15. In support of her argument, the appellant cites the Board's opinions in *Lewis v. Department of Commerce*, 101 M.S.P.R. 6 (2005), and *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469 (2010). We are not persuaded and find that the appellant's reliance on these cases is misplaced.

In *Lewis*, the Board found that the appellant made a nonfrivolous allegation that she disclosed a violation of law, rule, or regulation when she alleged that she disclosed to an agency official that her department head cursed at her and assaulted her. *Lewis*, 101 M.S.P.R. 6, ¶ 11. Similarly, in *Baldwin*, the Board found that the appellant made a protected disclosure when he reported threats of an assault by his coworkers to agency officials. *Baldwin*, 113 M.S.P.R. 469, ¶¶ 16-21. However, in this case, the appellant fails to provide any details beyond her vague assertion that she reported to her former supervisor that she was assaulted and filed a Federal lawsuit. IAF, Tab 9 at 104. As previously noted,

vague, conclusory, and pro forma allegations do not meet the nonfrivolous allegation standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Accordingly, we conclude that the appellant failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) in connection with her Federal lawsuit.

<u>The administrative judge correctly concluded that the appellant nonfrivolously alleged that she engaged in some protected activity under 5 U.S.C. § 2302(b)(9).</u>

The administrative judge found it undisputed that the appellant engaged in protected activity when she filed a Board appeal in 2013 and a petition for review in 2015 relating to her 2010 protected whistleblower disclosure. ID at 5-6. The parties do not dispute this finding on review, and we discern no basis to disturb it.

However, the administrative judge concluded that the appellant's Federal lawsuit was not a protected activity because it did not fall within the purview of an IRA appeal. ID at 6. We agree. Section 2302(b)(9)(A) covers the protected activities of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of paragraph (8); or (ii) other than with regard to remedying a violation of paragraph (8)." However, the Board's jurisdiction in an IRA appeal includes claims arising under 5 U.S.C. § 2302(b)(9)(A)(i), but does not include claims arising under 5 U.S.C. § 2302(b)(9)(A)(ii); thus, the appellant's Federal lawsuit may only be the subject of an IRA appeal if she sought therein to remedy a violation of 5 U.S.C. § 2302(b)(8). *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). In this case, the appellant's Federal lawsuit was not to remedy a violation under 5 U.S.C. § 2302(b)(8). Thus, we find that the appellant failed to allege that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) in connection with her Federal lawsuit.

The appellant also challenges the administrative judge's finding that she failed to nonfrivolously allege that she engaged in protected activity when she

alleged that she filed equal employment opportunity (EEO) complaints. PFR File, Tab 1 at 15-18. She also argues that the administrative judge erred by not finding that she made a protected disclosure when she filed her EEO complaints. *Id.* at 16. We disagree. The Board recently reaffirmed that filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-13, 20, 22-23, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *see Williams v. Department of Defense*, 46 M.S.P.R. 549, 554 (1991). Further, there is no indication in the record that the substance of her EEO complaints sought to remedy a violation of 5 U.S.C. § 2302(b)(8). The appellant did not provide copies of the EEO complaints or a detailed description of the contents of the complaints below, and what little information she did provide about the complaints indicates that they do not concern remedying a violation of whistleblower reprisal under 5 U.S.C. § 2302(b)(8). Instead, the EEO complaints, as described by the appellant, concerned violations of civil rights laws. PFR File, Tab 1 at 16. Consequently, the administrative judge correctly determined that the appellant has failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity in connection with this claim.

<u>The administrative judge correctly concluded that the appellant nonfrivolously alleged that her nonselection constituted a personnel action, but failed to nonfrivolously allege that the agency denied her training opportunities pursuant to 5 U.S.C. § 2302(a)(2)(A)(ix).</u>

As an initial matter, it is undisputed that the agency did not select the appellant for the IOI position. IAF, Tab 9 at 113, Tab 10 at 18-19, 42. Decisions to not promote or to not appoint an applicant, otherwise known as nonselections, are enumerated personnel actions under 5 U.S.C. § 2302(a)(2)(A)(i)-(ii). The administrative judge found, and the parties do not dispute on review, that the appellant's nonselection was a personnel action. ID at 7. We agree and discern no basis to disturb this finding.

On review, the appellant challenges the administrative judge's finding that she did not meet her burden of nonfrivolously alleging that the agency denied her training opportunities. PFR File, Tab 1 at 21-22; ID at 7-8. We are not persuaded. "[A] decision concerning . . . training" is a personnel action if it "may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other [personnel] action [as described in 5 U.S.C. § 2302(a)(2)(A).]" 5 U.S.C. § 2302(a)(2)(A)(ix). Thus, the plain wording of the statute explicates that not all denials of training opportunities are covered personnel actions. *Id.*; *see Simone v. Department of the Treasury*, 105 M.S.P.R. 120, ¶ 9 (2007). Here, the appellant failed to identify any training opportunities that may have reasonably led to an appointment, promotion, performance evaluation, or similar action. As the administrative judge properly noted below, the appellant "provide[d] nothing more than a few vague and conclusory statements that the agency did not provide training." ID at 7. Thus, we agree that she failed to nonfrivolously allege that her alleged lack of training constitutes a personnel action.

Regarding the appellant's argument that the administrative judge erroneously overlooked that the agency subjected her to other personnel actions, including rescinding vacancy announcements to which she applied, reclassifying her position in 2010, subjecting her to multiple background checks, posting vacancy announcements while she was out of the office, and not selecting her for a different position in 2018 or 2019, there is nothing in the record indicating that she exhausted these personnel actions with OSC. PFR File, Tab 1 at 21-22. OSC's letter clearly identifies only the lack of training and nonselection as the contested personnel actions, and the Board is limited to considering only those personnel actions that the appellant raised before OSC.[3] *Mason*, 116 M.S.P.R. 135, ¶ 8.

---

[3] Although it appears that the appellant made scant references to these alleged actions below, as previously noted, vague and conclusory statements are insufficient to establish a nonfrivolous allegation. *See El*, 123 M.S.P.R. 76, ¶ 6.

<u>The administrative judge correctly concluded that the appellant failed to nonfrivolously allege that her protected disclosure or activity was a contributing factor in the agency's decision to take a personnel action against her.</u>

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15; *see* 5 U.S.C. § 1221(e)(1). If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant.

As previously noted, the appellant's prior disclosure and protected activities occurred between 6 and 11 years before the agency failed to select her for the IOI position. Therefore, we agree with the administrative judge that such a gap in time is too remote to satisfy the knowledge/timing test. *See Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding that a disclosure made 2 ½ to 3 years before the relevant personnel actions was too remote for a reasonable person to conclude the disclosure was a contributing factor to the actions). Regarding the motive to retaliate, the record does not reflect that the appellant's disclosures or protected activities were personally directed at the official who failed to select her for the position. IAF, Tab 9 at 9-29, 98-105.

Other than her own conclusory assertions, the appellant identifies no specific evidence or argument that, if true, could show that the selecting official for the position at issue had any knowledge of her protected disclosure or activities. *Id.* For example, the appellant concedes that she is unaware of the selecting official for the IOI position. *Id.* at 19. Therefore, we find that the appellant failed to raise nonfrivolous allegations that she made a protected disclosure or engaged in protected activity that was a contributing factor in the agency's nonselection decision. Accordingly, we dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          *Gina K. Grippando*
                                         _____
                                           Gina K. Grippando
                                           Clerk of the Board

Washington, D.C.